## PRODUCERS' REFINING CO. v. FRAZIER.
### (No. 9579.)

(Court of Civil Appeals of Texas. Dallas. April 10, 1926. Rehearing Denied May 15, 1926.)

**1. Appeal and error ⚌1002.**

Findings of jury, though controverted, will be adopted as findings of Court of Civil Appeals, when supported by substantial evidence.

**2. Corporations ⚌423—Refining company held responsible for its auditor's false charges while checking up salvage after fire, that local agent took oil and gasoline and burned oil plant to cover shortage.**

Refining company *held* responsible for its auditor's false charges, made to local agent while checking up salvage after fire, that he took oil and gasoline and burned oil plant to cover shortage, regardless of whether auditor was specifically authorized to make such charges.

**3. Libel and slander ⚌44(1)—Auditor's inquiry as to agent's shortage held privileged, and demand that shortage be accounted for conditionally privileged.**

Refining company's auditor's inquiry as to shortage in gasoline and coal oil *held* privileged, and demand that such shortage be accounted for by local agent *held* conditionally privileged.

**4. Libel and slander ⚌44(1)—Refining company's auditor's charges that local agent had taken oil and gasoline and burned plant to cover shortage held not privileged.**

Refining company's auditor's charges, made to local agent after fire, that latter had taken oil and gasoline and burned oil plant to cover shortage, *held* such abuse of any privilege the law allows as to destroy right to it.

---

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Trial ☞350(3)—Special issue of whether refining company's auditor was authorized to make slanderous statements specifically alleged in petition held properly refused.**

In action against refining company for slander, based on its auditor's statements, special issue whether such auditor was authorized to make statements set out specifically in petition *held* properly refused, since question was whether defendant was liable, regardless of such specific authority.

**6. Trial ☞350(3)—In action against refining company for slander, based on its auditor's statements, special issue seeking to have jury enumerate specific work which auditor was engaged to perform held properly refused.**

In action against refining company for slander, based on its auditor's statements, special issue seeking to have jury enumerate specific work which auditor was engaged to perform *held* properly refused, since it called for evidentiary matters.

**7. Appeal and error ☞930(3)—Where, in action against refining company for slander, based on its auditor's statements, no special issue was requested as to whether such statements were uttered in connection with his authorized work, trial court held presumed to have made finding that they were.**

Where, in action against refining company for slander, based on its auditor's statements, no special issue was requested as to whether such statements were uttered in connection with his authorized work, trial court *held* presumed to have made finding that they were, where inference from evidence was clear that auditor was within scope of authority.

Appeal from District Court, Hunt County; Neuman Phillips, Judge.

Action by George W. Frazier against the Producers' Refining Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Bowman & Bowman, of Greenville, Phillips, Trammell & Chizum and Evan S. McCord, all of Fort Worth, for appellant.

Evans & Evans, of Greenville, and Marvin P. McCoy, of Dallas, for appellee.

JONES, C. J. Appellee, Geo. W. Frazier, in a suit in the district court of Hunt county, recovered damages in the sum of $400 against appellant, Producers' Refining Company, a corporation, for alleged slanderous language used by an employé of appellant in the presence of another. Appellant has duly perfected its appeal to this court.

Appellant was engaged in the business of selling gasoline, coal oil, lubricating oil, etc., to retail dealers in the city of Greenville, Hunt county, Tex., and in adjacent territory. For the purpose of conducting this business, it operated a distributing station in said city of Greenville, and also maintained an office, warehouse, and oil tanks in connection therewith. On July 22, 1920, appellee entered the employ of appellant as its local agent in said city, and, as such, conducted its said business; and on the 8th day of October, 1921, appellant's distributing station and other property was destroyed by fire, appellee being absent on appellant's business in other territory at the time. Following this fire, appellant's superintendent and its auditor, Lane Dunnigan, went to Greenville for the purpose of making an audit of appellant's business in Greenville, and did make such audit. The audit showed that appellee was short about 3,500 gallons of gasoline and about 1,000 gallons of coal oil.' After this audit was made, the same auditor was sent again by appellant to Greenville to check up the salvage after the fire, and, while he was engaged in such work, being assisted by appellee, he is alleged to have made the charges against appellee that form the basis of this suit. · The petition alleges these charges as follows:

"The insurance company has turned down the insurance that the Producers' Refining Company was carrying on the plant, and you had better pay up. You are short 3,500 gallons of gasoline and 1,000 gallons of coal oil, and it looks bad on·you. You drew out this oil and gasoline before the fire, and then burned the oil plant in order to cover up your shortage, and it is better for you to pay it now without further trouble; if not, the Producers' Refining Company is going to the bottom of it."

Appellant's answer, among other things, consisted of a specific denial of such charge being made, and also of a plea that, if said charge was made by its said auditor, it was done without the authority or knowledge of appellant. It further pleaded that appellee and the said auditor were both in the employ of appellant, and both interested in appellant's said business, and that whatever conversation was had between said auditor and appellee on said occasion, same was thereby conditionally privileged.

Appellee testified that the auditor made use of the statement substantially in the language as set out in the pleading, and in this he was corroborated by his son, who was present. The auditor denied making said statement or any kindred statement. The undisputed evidence showed that the auditor, on the occasion in question, was engaged in checking up the salvage left from the fire, and that there was a large shortage of gasoline and coal oil as shown by the record and the amount found in the tanks. The inference is clear that inquiry in reference to this shortage was within the scope of the auditor's authority, and we so find.

[1] The case was tried to a jury and submitted on special issues. In response to said issues, the jury returned findings that appellant's auditor, Lane Dunnigan, on or about the 15th day of October, 1921, in the presence of appellee and his son, stated to appellee that appellee had drawn out oil and

gasoline from appellant's tanks, and that he had burned the plant to cover up his shortage; that this charge was not true; that appellee, by reason of said charge being made, was caused mental suffering and distress of mind; and that the sum of $400 in cash would reasonably and fairly compensate appellee for his said mental suffering. The court properly charged the burden of proof. These findings of the jury, though controverted, are supported by substantial evidence, and are adopted as the findings of this court.

[2] The controlling issue on this appeal is whether or not appellant can be held responsible for the false charge made by its auditor that appellee was guilty both of embezzlement and of arson. This question has been carefully raised by appellant on this appeal, by motion for verdict in the lower court on this ground, by requested peremptory instructions in its favor, and by exceptions to the submission of the said special issue on the ground that appellant could not be held responsible therefor. Appropriate assignments of error are made on the adverse ruling of the court in the above matters.

The testimony of the auditor is to the effect that, in making the audit and checks made on the two occasions of his visits to Greenville, he examined the tanks to see whether or not they were leaking and looked over the equipment generally; that on the latter visit he found there was a shortage, also a small leak in the pumps, but did not think the leak sufficient to account for the shortage; that he could not say that he decided that it was not burned up, but that he did not think the oil leaked out; that it was a part of his duty to decide that matter; that he did not think that gasoline in the amount of the shortage had burned up; and that he and appellee talked about how it looked. It was in connection with this conversation with appellee that the jury found, on evidence, that the charge was made, and that the demand was also made that appellee make good the shortage.

In the case of Wells Fargo Co. v. Sobel, 59 Tex. Civ. App. 62, 125 S. W. 925, the Court of Civil Appeals for the First Supreme Judicial District announces the following doctrine:

"When one acts through an agent, he trusts the agent as to the manner of performance, and it must be assumed that he has selected the agent because satisfied that the agent would act as he would act under the circumstances. * * * The principal has the selection of his agents, and where such principal chooses to act, or must perforce act through its agents, their wrongful acts, committed in the performance of the service, are the wrongful acts of the principal."

The Supreme Court denied a writ of error in the reported case, and we think the principle of law above announced is sound and controlling in the instant case. While the said auditor was engaged in the very work that had been committed to him by appellant, and while in conversation with appellee in reference to the subject-matter of the work committed to him, the slanderous language is used. The question is not whether the auditor was specifically authorized by appellant to make the said charges against appellee, but rather whether, in the performance of a duty placed on him by appellant, the auditor made said charges in connection with, and as a part of, the performance of that duty. The slanderous words spoken are referable to the manner in which the auditor performed an authorized duty, and not to acts wholly independent and outside of the scope of such duty. We therefore overrule the assignments of error in reference to this issue.

[3, 4] While the inquiry as to the shortage in gasoline and coal oil was privileged, and the demand that this shortage should be accounted for by appellee was conditionally privileged, that portion of the auditor's statement embracing only this matter was not submitted by the trial court as a ground of recovery. We are of the opinion that the portion of the said statement submitted by the court was such an abuse of any privilege the law allows appellant as destroys the right of such privilege, and the court did not err in so holding.

[5-7] Complaint is made because of the refusal of the court to submit two requested special issues—one seeking to have a finding by the jury as to whether or not the said auditor was authorized by appellant to make the statement set out specifically in appellee's petition; and the other seeking to have the jury enumerate the specific work said auditor was engaged to perform on the occasion when he was alleged to have made the statements alleged in appellee's petition. We do not think there was error in refusing to give these requested issues. Neither of them required the jury to pass on any ultimate fact in this case. The issue was not as to whether appellant authorized its auditor to make the slanderous charges, but, as above stated, were they made under such conditions as that appellant would be responsible for the auditor's acts whether specifically authorized or not. The other question simply called for evidentiary matters. There was no issue requested that called for a finding of fact as to whether the alleged statement was uttered in connection with and as a part of the work authorized by appellant, and, in the absence of such a requested instruction, under the evidence, this court will presume that the trial court made such finding.

We have carefully examined all other assignments of error, with the result that we do not believe they showed reversible error. It is therefore the opinion of the court that the judgment should be affirmed.

Affirmed.