CECILE PRIEST, RESPONDENT, v. CENTRAL STATE FIRE INSURANCE COMPANY, A CORPORATION, APPELLANT.[*]

Springfield Court of Appeals. September 17, 1928.

---

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 2834, p. 850, n. 51; Corporations, 14aCJ, section 2855, p. 779, n. 7; Libel and Slander, 36CJ, section 27, p. 1162, n. 8; section 117, p. 1199, n. 45, 51; section 163, p. 1215, n. 43; 37CJ, section 586, p. 126, n. 81.

*Phillips & Fulbright* and *Wilfley, Williams, McIntyre & Nelson* for appellant.

*Abington, Abington & Freer* for respondent.

COX, P. J.—Action for both actual and punitive damages for slander. Plaintiff recovered $100 actual and $2900 punitive damages. Defendant appealed.

The defendant is engaged in the fire insurance business and through its agent at Poplar Bluff, where plaintiff resides, issued to plaintiff an insurance policy upon her household goods located in her residence in Poplar Bluff, Missouri. This policy was for the sum of $1500 and dated August 7, 1925. On August 21, 1925, these goods were practically all destroyed by fire. The defendant sent one Wilber M. Bressler to Poplar Bluff to investigate this loss and make report to the company. Mr. Bressler arrived in Poplar Bluff on September 2, 1925, and on the afternoon of that day, at his request, he met the plaintiff at the local office of the company, known as the Greer Insurance Agency, chiefly in charge of Mrs. McCartney, a daughter of Mr. Greer. Plaintiff's testimony tends to prove that Mr. Bressler examined plaintiff at great length and had a typist take down the questions he asked plaintiff and her answers thereto. As the examination of plaintiff progressed Mr. Bressler apparently became very angry and his conduct was boisterous and offensive. Finally he pounded the table and said to plaintiff in the presence and hearing of other persons that he was investigating that fire to find whether or not it had been set on fire. At that time Mrs. McCartney said: "Why, Mr. Bressler, you don't mean to intimate that ·Mrs. Priest had anything to do with the burning of that house?" Mr. Bressler then said "I don't mean to intimate or insinuate anything but we charge it as a fact." Mrs. McCartney then asked him to leave the office and he then said "Neither will the company permit you as agent to help that woman put over a bogus claim." The use of the foregoing language by Mr. Bressler is the alleged slander by defendant on which this suit is based. Mr. Bressler testified as a witness for defendant and denied using the language but the verdict of the jury being for plaintiff amounts to a finding that he did use the language charged and that binds us.

Appellant, under Points and Authorities, asserts the following:

First: The alleged defamatory words set out in plaintiff's petition are not slanderous *per se.*

Second: Malice on the part of an agent or employee will not be imputed to principal or employer so as to warrant an allowance of

punitive damages unless the act was authorized or ratified by the principal.

Third: Plaintiff did not prove any actual damages, hence cannot recover.

There is no longer any doubt that a corporation may be held liable for slander uttered by an agent while in the discharge of his duty as agent and in relation to the matter about which his duty as agent permits or requires him to act, in the same way and to the same extent as an individual could be held liable for the same slander. [Fensky v. Casualty Company, 264 Mo. 154, 174 S. W. 416; Connell v. Haase & Sons Fish Co., 302 Mo. 48, 87, 257 S. W. 760.]

If the words uttered are slanderous *per se* it is not necessary to prove either actual damages or malice, as the law presumes both, and punitive damages may be assessed without any proof of actual malice. [Baldwin v. Fries, 46 Mo. App. 288, 296; Shepard v. Brewer, 248 Mo. 133, 154 S. W. 1116.]

To charge a person with any crime for which corporal punishment, that is, punishment by imprisonment in jail or the penitentiary may be imposed, is actionable *per se*. To burn property for the purpose of defrauding an insurance company that has insured the property against fire is a felony and punishable by imprisonment in the penitentiary. [R. S. 1919, sec. 3288.] If the language used by Mr. Bressler, in fact charged that plaintiff was responsible for her insured property being burned, and with intent to defraud the insurance company, then his words were actionable *per se*. A bystander who may have heard Mr. Bressler use the language above set out could understand that he meant but one thing. When asked if he meant to insinuate that plaintiff had anything to do with the burning of the house he said "I don't mean to intimate or insinuate anything but we charge it as a fact." That could mean but one thing and that is that he was charging that plaintiff was responsible for the house in which her insured property was located being burned. The purpose for which he charged that the house had been burned is stated by him when he said to Mrs. McCartney "Neither will the company permit you as agent to help that woman put over a bogus claim." This, coupled with the charge that she was responsible for the goods being burned, could only mean that the goods had been burned with the intent of defrauding the insurance company and made the charge of arson specific and complete. To charge a person with being guilty of the commission of a crime it is not necessary that the crime be named and the charge of its commission made in direct terms but if the language used be such that it is susceptible of no other construction it is sufficient. [Cameron v. Cameron, 162 Mo. App. 110, 144 S. W. 171.]

The words used clearly charged the crime of arson and were therefore actionable *per se*.

The defendant sent Mr. Bressler to Poplar Bluff to investigate the cause of this fire and he was their agent engaged in the performance of a duty assigned him and uttered the slander in relation to the very thing he was sent to investigate. There can be no question of defendant's liability for what he said.

The judgment will be affirmed. *Bradley* and *Bailey, JJ.*, concur.