**LEYENDECKER AND ASSOCIATES INCORPORATED, et al., Appellants,**

v.

**William Raymond WECHTER, et al., Appellees.**

**No. A14–82–810CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 22, 1983.

Rehearing Denied Jan. 19, 1984.

Barry G. Flynn, Barry Snowden, Morris, McCanne, Tinsley, Snowden, Ellis & Wilson, Houston, for appellants.

Scott Ramsey, Robert Wallis, Haynes & Fullenweider, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a judgment for recovery of damages on a contract to convey real estate based on the Texas Deceptive Trade Practices Act and for libel. Appellants, Leyendecker and Associates, A.S.C. Versailles, Inc. and Chris Hilliard, appeal from a judgment against them in favor of William and Mildred Wechter. After a jury trial, the trial judge entered a judgment that appellants, Leyendecker and Associates and A.S.C. Versailles, Inc. owed jointly and severally actual damages of $9,644 for misrepresentation of the land and their rights under the contract, plus $4,500 for construction defects and $4,000

exemplary damages, that appellants Leyendecker and Associates, A.S.C. Versailles and Chris Hilliard, owed jointly and severally $1,500 for libel, that appellant, Chris Hilliard, owed $4,000 exemplary damages, and that Leyendecker and Associates and A.S.C. Versailles owed $9,700 in attorney's fees plus $5,000 if an appeal was taken and the Court of Appeals granted none of the relief sought by appellant.

Appellants bring thirteen points of error. In points of error one, two, three, four and five, appellants claim that the judgment against Leyendecker and Associates and A.S.C. Versailles for $9,644 actual damages contained in paragraph two of the court's judgment was incorrect because: 1) it was not supported by the pleadings in this case, 2) it was based on an incorrect and inapplicable period of time, 3) it was precluded by the jury's finding that there was no difference in the value of the land as represented and as delivered at the time of the contract, 4) it was not supported by the evidence and 5) the evidence was insufficient to support the award.

In point of error six, appellants complain that the evidence was legally insufficient to support the award of $4,500 for repairs for damages to appellee's personal property contained in paragraph three of the court's judgment. Point of error seven alleges that the award of attorney's fees was improper because the DTPA does not allow attorney's fees when there are no actual damages found.

Points of error eight, nine and ten complain that the award of $1,500 contained in paragraph five of the court's judgment is incorrect because: 8) there was no evidence to support a cause of action for libel, 9) the evidence was legally insufficient to support a cause of action for libel and 10) there were no pleadings to support an award of damages for mental anguish.

In points of error eleven and twelve, appellants claim that the court's award of exemplary damages contained in paragraphs six and seven of the court's judgment was improper because an award for exemplary damages does not lie when actu-

al damages have not been properly proven, and there were neither pleadings nor proof of any malice which would justify an award of exemplary damages. Finally, point of error thirteen claims that the judgment of exemplary damages against appellant Chris Hilliard, was improper because he was at all times acting within the scope of his employment and, under the doctrine of respondeat superior, judgment should have been entered only against his employer.

Appellees bring six points of error. Point of error one asserts that the trial court erred by failing to treble the actual damages for the 2411 square feet contained in paragraph one of the trial court's judgment. Point of error two claims alternatively to point of error one that the trial court should have trebeled the sum of the 1976 value of the 2411 square feet and the loss of use of the land.

In point of error three, appellees claim that the trial court should have awarded and trebled damages for surveyor's fees. Point of error four claims alternatively to point of error three that the trial court should have allowed recovery of the surveyor's fees as a disbursement to the recovery of attorney's fees.

In point of error five, appellees assert that the trial court erred in failing to award Mrs. Wechter damages for libel. Finally, point of error six alleges the trial court erred in conditioning appellees' recovery of attorney's fees in the Court of Appeals and denying attorney's fees in the Supreme Court.

We affirm in part and reverse and render in part.

In 1975, Mr. and Mrs. Wechter moved from New York City to Houston and began looking for a home to buy. On June 6, 1976, they executed an earnest money contract to purchase a townhouse from the defendant corporations. At that time, the townhouse had not been constructed, but appellees were told they would get an end house on a slightly larger lot. The Wechters did not receive a metes and bounds description of the property until closing on November 22, 1976.

A few days after the Wechters moved in, appellants' employees built a fence around the lot. Mr. Wechter, noticing that the fence did not conform with his deed, contacted the builder, who sent him back to the title company. The title company offered the Wechters a correction deed which conformed with the fence, making their lot substantially smaller, but no one offered any compensation for the difference. The Wechters refused to sign the correction deed. Furthermore, the Wechters claimed to find defects in the construction and materials used in their townhouse. Appellants' attempts to repair these defects were not satisfactory to appellees.

The Wechters retained an attorney and a surveyor, who was to determine the extent of the problem and the adequacy of the proposed correction deed. The surveyor determined that the correction deed encroached on property already deeded to the Wechters' northern neighbor and that the difference in the land they were deeded originally and the correction deed was 2411 square feet. The surveyor charged the Wechters $4,788.30 for his services.

Mr. Wechter testified that the value of the 2411 square feet was between $2–2.50 per foot in 1976 and between $4–4.50 per foot in 1982.

Appellees complained to the Greater Houston Builders Association; appellants responded with a letter by Chris Hilliard, in the course of his employment, to the Greater Houston Builders Association, a copy which was sent to the Veteran's Administration. The letter falsely accused the Wechters of suing their neighbors over a small portion of the common area and of asking Leyendecker and Associates to make fraudulent insurance claims.

In answers to Special Issues, the jury made the following findings:

1) a willful violation of Tex.Bus. & Com. Code Ann. § 27.01 (Vernon 1968); which concerns fraud in real estate transactions.

2) with respect to the lot, two violations of the Texas Deceptive Trade Practices

826

Act which were the producing cause of appellee's damages:

    a. misrepresentation of characteristics, uses, benefits or quantities; and

    b. misrepresentation of rights and obligations in the contract and deed;

3) deceptive trade practices relating to the construction;

4) that the letter written to the Greater Houston Builders Association by Chris Hilliard was libelous to appellees;

5) that the 2411 square feet in dispute was worth $2.00 per foot in 1976 and $4.00 per foot in 1982;

6) that there was no difference in value as represented and as delivered and at the time of contract;

7) that the reasonable value for loss of use of the land from 1976 to 1982 was $500;

8) that each appellee was entitled to $1,500 actual damages for libel;

9) that appellees were entitled to $4,000 exemplary damages from Chris Hilliard, the author of the libelous letter, and $4,000 exemplary damages from the corporate employer;

10) $1,500 damages for building defects;

11) attorneys fees:

    a. $9,700 through trial

    b. $5,000 through the Court of Appeals

    c. $2,500 to the Supreme Court; and

12) that the reasonable and necessary expense of the title and boundary search was $4,800.

The trial court in its final judgment:

a) awarded plaintiffs $9,644 for the 2411 sq. ft. conditioned upon plaintiffs executory a *correction* deed but did not treble (Issue No. 19);

b) awarded $1,500 to Mr. Wechter for libel (Issue No. 21);

c) refused to award Mrs. Wechter $1,500 for libel (Issue No. 21);

d) awarded plaintiffs $4,000 in exemplary damages against the individual defendant, Hilliard, and $4,000 against the corporate defendant (Issue No. 22);

e) awarded plaintiffs the $1,500 for building defects and trebled it (Issue No. 23);

f) awarded attorney's fees in the trial court, conditionally awarded attorney's fee in the Court of Appeals and denied attorney's fees in the Supreme Court (Issue No. 24); and

g) refused to award plaintiffs their surveyors expenses or to treble same.

Paragraph two of the trial court's judgment awarded appellees $9,644.00 for the misrepresentation of the property and of appellees' rights under the deed. Appellants claim that this judgment was incorrect first, because the proper measure of damages is the difference in the value of the land as represented and as delivered, an amount which the jury found to be zero and second, because the trial judge used the 1982 figure to estimate the value rather than the 1976 time of contract value.

    Under the rule of *Johnson v. Willis,* 596 S.W.2d 256 (Tex.Civ.App.—Waco 1980, no writ), loss of bargain, the difference between the value of the land as represented and as received, is a correct measure of damages under the Texas Deceptive Trade Practices Act. The jury found this amount to be zero because of the way the Special Issue No. 19A was worded. Common sense, however, dictates a different response. The Wechter's received 2411 square feet less than their deed represented. That land was not valueless, but instead was worth from $2.00 to $4.50 per square foot. The construction of common facilities prevented them from taking the land under the deed, so they were left with money damages as their only remedy. Special Issue No. 19A was a literal submission of the damages issue under Tex.Bus & Com.Code § 27.01 (Vernon 1968). As such, it was limited to the lot in question and the time of the contract. Because the Wechters did, in fact, get legal title to the 5800 square foot rectangle, the jury's answer was literally correct. The loss of the use of the portion used as a common area and the juxtaposition of the common area to the lot was not submitted by 19A. The amount

of land which appellees actually received was 2411 square feet less than they had bargained for. Despite the jury's answer to Special Issue No. 19A, the trial judge was correct in awarding appellees loss of bargain damages.

The trial judge was incorrect, however, in the way in which he measured those damages. In order to arrive at $9,644 in damages, he used Mr. Wechter's estimate of $4.00 per square foot value in 1982. While the law allows a land owner to testify as to the value of his own property and such testimony is sufficient evidence of that property's value, *Coffee v. City of Alvin,* 641 S.W.2d 597 (Tex.Civ.App.—Houston [14th Dist.], no writ), that value must be assessed at the time of the contract. Tex.Bus & Com.Code § 27.01(b) (Vernon 1968); *Johnson v. Willis,* 596 S.W.2d 256 (Tex.Civ.App.—Waco 1980, no writ).

Using the $2.00 1976 figure, the trial judge should have found actual damages for the misrepresentation of the land as $4,822. He should have then added the jury's finding of $500 for loss of use of the land from 1976 to 1982 to this amount, for a total of $5,322. Next, he should have trebeled this sum pursuant to the Texas Deceptive Trade Practices Act to arrive at a total of $15,966. Texas Deceptive Trade Practices Act, ch. 216, § 5 1977, amended by Act of 1979 ch. 603, § 4.

We overrule appellants' points of error one through five as to liability, affirm those points as to damages, overrule appellees' point of error one as to damages and affirm appellees' point of error two as to damages. We reverse the trial court's judgment of damages contained in paragraph number one and render a judgment of damages for appellees of $15,966.

The jury found that appellees suffered $1,500 damages for the construction defects in their townhouse. The trial judge trebeled this amount pursuant to the Texas Deceptive Trade Act, resulting in a judgment of $4,500. In appellant's point of error six, they claim that the evidence was legally insufficient to support this award. We disagree.

Although the jury did not award appellees all of the damages they sought, the evidence was sufficient to support an award of damages for these defects. The jury can accept portions of the testimony and reject others, *Chrysler-Plymouth City, Inc. v. Guerrero,* 620 S.W.2d 700 (Tex.Civ.App.—San Antonio 1981, no writ) so long as it does not arbitrarily set the damage award. *See McGee v. Thomas,* 508 S.W.2d 191 (Tex.Civ.App.—Amarillo 1974, writ ref'd n.r.e.). We overrule appellants' point of error six.

Appellants' point of error seven claims that the award of attorney's fees was improper because the DTPA does not allow such award when there were no actual damages. We have found actual damages, and therefore, attorney's fees are proper.

Furthermore, the trial judge should have followed the jury's findings on attorney's fees on appeal. Appellees' point of error six claims that the trial judge should have followed the jury's finding on the issue of attorney's fees rather than denying attorney's fees for the Supreme Court and conditioning attorney's fees for the Court of Appeals upon appellees prevailing here. We agree. While allowance of attorney's fees is a matter within the trial court's discretion. *Underhill v. Underhill,* 614 S.W.2d 178 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.), the trial court's determination in our case was highly irregular. Absent a prejudgment motion to disregard the jury's findings as to attorney's fees, it is the trial court's ministerial duty to render judgment thereon and this matter involves no judicial or discretionary powers. *Tate v. Wiggins,* 583 S.W.2d 640 (Tex.Civ.App.—Waco 1979, no writ). Appellants made no such prejudgment motion; therefore, the trial judge should have awarded attorney's fees as found by the jury. We overrule appellants' point of error seven, sustain appellees' point of error six, affirm the trial court's judgment for appellee of $9,700 attorney's fees through trial, and render judgment of $5,000 attorney's fees for appeal (not conditioned upon appellees' prevailing on appeal)

and of $2,500 attorney's fees to the Supreme Court.

Appellants' points of error eight, nine and ten complain that there was no evidence or the evidence was insufficient to support the damages awarded Mr. Wechter for libel. We disagree. These damages were supported by the pleadings due to Appellant's Trial Amendment properly granted by the court. The court should freely allow trial amendments unless the objecting party can convince the court that allowing such amendment would prejudice his action or defense. *H.O. Dyer, Inc. v. Steele*, 489 S.W.2d 686 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ). The allowance of a trial amendment does not require reversal on appeal absent a plea of surprise and a request for postponement or continuance. *Garcia v. Caletka*, 486 S.W.2d 880 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.). Further, the evidence was sufficient to support a judgment of damages for libel. The statements in the letter by Chris Hilliard, an employee of Leyendecker and Associates, which alleged criminal acts by appellees, were libelous. Tex.Rev.Civ.Stat.Ann., art. 5430 (Vernon 1958). Hilliard sent this letter to the Greater Houston Builders Association, and a copy was found in the Veterans' Administration files. The letter personally affected both Mr. and Mrs. Wechter, upsetting and depressing Mrs. Wechter and causing discord in their household. This evidence supported the jury's finding of mental anguish. Because of the mental anguish finding, it was not necessary for the jury to find damage to appellants' reputations to support the award of damages for libel. *Renfro Drug Co. v. Lawson*, 138 Tex. 434, 160 S.W.2d 246 (1942).

The trial judge, however, should have followed the jury's findings and awarded $1,500 to Mrs. Wechter for libel in addition to the $1,500 for libel he awarded to Mr. Wechter. We overrule appellants' points of error eight, nine and ten, and sustain appellees' point of error five.

Appellants' points of error eleven, twelve and thirteen claim that the court's award of exemplary damages does not lie when actual damages have not been properly proven. Further, they claim that the judgment of exemplary damages against Chris Hilliard was in error because he acted within the scope of his employment. Because we have held that actual damages were properly proven, the award of exemplary damages was proper. The evidence showed that the statements in the letter to the Greater Houston Builders Association from Chris Hilliard were false and that appellants published these statements with reckless disregard and knowledge of their falsity. We can infer malice from these circumstances *Houston Belt & Terminal Railway Co. v. Wherry*, 548 S.W.2d 743 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.).

No issue on malice was submitted to the jury, but this omission does not waive exemplary damages. A judgment of exemplary damages will be supported if the defendants did not object to the omission of the malice issue. *Treasure City v. Strange*, 620 S.W.2d 811 (Tex.Civ. App.—Dallas 1981, no writ). The omitted element is deemed to be in support of the judgment. Tex.R.Civ.P. 279 (Vernon 1941); *Allen v. American National Ins. Co.*, 380 S.W.2d 604 (Tex.1964). By failing to object, appellants waived any complaint concerning submission of the issue. *Wand v. First State Bank*, 605 S.W.2d 404 (Tex.Civ. App.—Amarillo 1980, writ ref'd n.r.e.).

Furthermore, the judgment of exemplary damages against Chris Hilliard was proper. The corporation is liable because Hilliard wrote the letter in discharge of a duty owed to the corporation, that duty being to explain the Wechters' situation to the Greater Houston Builders' Association. *Texam Oil Corp. v. Poynor*, 431 S.W.2d 802 (Tex.Civ.App.—El Paso 1968), *writ ref'd n.r.e.*, 436 S.W.2d 129. Hilliard, however, acted with malice himself in discharging that duty, we overrule appellants' points of error eleven, twelve and thirteen.

Having answered appellees' points of error one, two, five and six above, we now turn to appellees points of error

three, and four. Points of error three and four allege that the trial court erred in refusing to award appellees' requested surveyor's fees. Generally, expenses incurred in prosecuting or defending a lawsuit are not recoverable unless recovery is expressly provided by statute. *Phillips v. Wertz,* 579 S.W.2d 279 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). The DTPA does not authorize recovery of this type of fee. *See* Tex.Bus. & Com.Code § 17.50 (Vernon Supp.1982–83). The trial judge, therefore, was correct in refusing to award surveyor's fees to appellees. We overrule appellees points of error three and four.

Accordingly, we affirm in part and reverse and render in part.