**LEYENDECKER & ASSOCIATES, INC., et al., Petitioners,**

v.

**William WECHTER et al., Respondents.**

**No. C–2814.**

Supreme Court of Texas.

Dec. 5, 1984.

Rehearing Denied Feb. 6, 1985.

Barry G. Flynn, Houston, for petitioners.

Haynes and Fullenweider, Robert B. Wallis, Scott Ramsey, Houston, for respondents.

ON MOTION FOR REHEARING

ROBERTSON, Justice.

We withdraw our judgment and opinion of July 11, 1984, and substitute the following.

William Wechter and his wife, Mildred Wechter, sued Leyendecker and Associates, Inc., the developer of a subdivision who built and sold the Wechters a townhouse in Houston, Texas. They sought damages under the Texas Deceptive Trade Practices-Consumer Protection Act for misrepresentation and for defective workmanship. In addition, they sought damages for libel. The trial court rendered judgment for the Wechters. The court of appeals substantially affirmed that judgment but reformed the measure of damages for misrepresentation. 667 S.W.2d 822. We af-

firm in part the judgment of the court of appeals, and we reverse and render in part.

On June 6, 1976, the Wechters executed an earnest money contract to purchase a townhouse from the defendant, Leyendecker & Associates, Inc. At the time the contract was executed, the townhouse had not been built. The Wechters agreed to the purchase after touring a similar model home and being told they could buy a corner lot slightly larger than the standard lot in the development. At the signing of the contract, the Wechters received only a block and lot number description; no other description or specific measurements of the lot were given. The Wechters had no knowledge or expectation of the size of the lot except that the lot was to be slightly larger than the standard lot in the development.

The contract for sale was closed on November 22, 1976. At closing the Wechters were given, for the first time, a metes and bounds description of the property plus a survey of the lot purchased. A few days after the Wechters moved in, employees of Leyendecker began constructing a fence around the Wechters' lot. Mr. Wechter, noticing that the fence did not conform to his deed, contacted Leyendecker and the title company. Investigation by the title company and Leyendecker revealed that the legal description contained in the deed and the survey tendered at closing had inadvertently included 2,411 square feet of the "common area" of the subdivision. In an effort to correct the deed description, the title company and Leyendecker tendered a correction deed to the Wechters. However, the Wechters refused to sign the correction deed.

The Wechters also complained to Leyendecker of construction defects which allegedly were never satisfactorily corrected. In an effort to have these construction defects repaired, the Wechters complained to the Greater Houston Builders Association. Leyendecker responded with a letter by an employee, Chris Hilliard, which falsely accused the Wechters of suing their neighbors over a small portion of the common area and of having asked Leyendecker to make fraudulent insurance claims. This letter was sent to the Greater Houston Builders Association as well as to the Veterans Administration through whom the Wechters had received financing.

After a jury trial, the trial judge rendered a judgment awarding the Wechters $9,644 for misrepresentation of the size of the lot, plus $4,500 for construction defects. On his claim for libel, Mr. Wechter was awarded $1,500 in damages against Chris Hilliard and Leyendecker, jointly and severally. As exemplary damages, $4,000 was awarded against each defendant individually.

The jury had awarded attorney fees to the Wechters in the amount of $9,700 for the trial, $5,000 in the event of appeal to the court of appeals, and $2,500 in the event of appeal to the Supreme Court. However, in its final judgment, the trial court denied the award of attorney fees in the Supreme Court and allowed attorney fees in the court of appeals only if none of the relief sought by Leyendecker was granted.

The court of appeals affirmed in part and reversed and rendered in part. That court held that the trial court improperly measured the damages for Leyendecker's misrepresentation of the lot size and awarded the Wechters actual damages equal to the 1976 value of the land inadvertently included in the deed description plus the loss of use of the property from 1976 to 1982, the time of judgment. These damages were then trebled. The award for construction defects was sustained. The court of appeals also sustained the trial court's award of actual damages for libel to Mr. Wechter and in addition, that court followed the jury's findings and awarded Mrs. Wechter $1,500 in damages for mental anguish arising from the libelous letter. The court of appeals sustained the award of exemplary damages. In addition, the court of appeals held that the trial judge should have followed the jury's findings on attorney fees and so rendered judgment for attorney fees based upon the jury findings.

## MEASURE OF DAMAGES

In response to special issues regarding misrepresentation, the jury found that Leyendecker had initially represented to the Wechters that the lot would contain 5,800 square feet. The jury then found that the representation was false, that it was made for the purpose of inducing the Wechters to purchase the lot, that the Wechters relied on that representation, that the representation was made willfully and knowingly, and that the lot in question was represented as having characteristics which it did not have. Further, the jury found that such representation was a producing cause of the Wechters' damages.

■ The Deceptive Trade Practices-Consumer Protection Act (DTPA), Tex.Bus. & Comm.Code Ann. § 17.46(a), declares all false representations in the conduct of any trade or commerce to be unlawful and subject to action by a consumer for damages. Texas courts have recognized two measures of damages for misrepresentation. Texas common law allows an injured party to recover the actual injury suffered measured by "the difference between the value of that which he has parted with, and the value of that which he has received." *George v. Hesse*, 100 Tex. 44, 93 S.W. 107 (1906). This measure of damages is known as the "out of pocket" measure and is calculated as of the time of sale. W. Prosser, *Handbook of the Law of Torts* § 110 (4th ed. 1971). The second remedy available in Texas, known as the "benefit of the bargain" measure, allows the plaintiff to recover the difference between the value as represented and the actual value received. *Johnson v. Willis*, 596 S.W.2d 256, 262 (Tex.Civ.App.—Waco), *writ ref'd n.r.e. per curiam*, 603 S.W.2d 828 (Tex. 1980). The DTPA permits a plaintiff to recover under either the "out of pocket" rule or the "benefit of the bargain" rule, whichever gives the consumer the greater recovery. *Id.*, at 263.

The jury found the value of the 2,411 square foot shortage to have been $4,822 in 1976 and $9,644 in 1982. However, in response to a special issue measuring "benefit of the bargain" damages, the jury found there was no difference in the value of the property as represented and as received. The trial court awarded the Wechters the 1982 value of the shortage. The court of appeals reversed and awarded the 1976 value, stating that the jury's negative finding on "benefit of the bargain" damages was contrary to common sense. Neither the award of the trial court nor the award of the court of appeals is founded on legal precedent or justification.

■ The Wechters could have sought recovery on either of the alternative theories described above. The negative jury finding precluded recovery on the "benefit of the bargain" theory, leaving open the "out of pocket" measure. As stated above, this measure requires a comparison of the value received against the value parted with. The jury found the value of the 2,411 square feet to have been $4,822 when purchased, but no issue was submitted inquiring as to the value the Wechters paid for the 2411 square feet as distinct from the purchase price of the entire lot and improvements. Furthermore, the record contains no evidence of this value. The Wechters are therefore not entitled to recovery under either theory.

■ In addition to the damages awarded for the loss of the 2,411 square feet of land, the court of appeals awarded $500 for the loss of use and enjoyment of the land from 1976 until 1982. Where an injury to realty is permanent, the general measure of damages comprehends and includes loss of use and enjoyment. *Vestal v. Gulf Oil Corp.*, 149 Tex. 487, 235 S.W.2d 440, 442 (1951). The benefit of the bargain measure of damages is a form of general recovery and includes damages from loss of use. D. Dobbs, *Remedies*, § 9.2, at 601 (West 1973). Thus, the jury's negative finding under the benefit of the bargain award of damages contemplated the Wechters' damages for loss of use of the 2,411 square feet. Therefore, we reverse the court of appeals' award for loss of use.

■ While we hold that there are no damages legally supported by the record

for the 2,411 square feet inadvertently included in the Wechters' deed, actual damages were found by the jury in regard to construction defects. These construction damages are not before this court and thus remain undisturbed. Because of the presence of these actual damages, attorney fees are recoverable under the DTPA. Tex.Bus. & Comm.Code Ann. § 17.50(d).

## LIBEL

In response to a formal complaint filed by the Wechters with the Greater Houston Builders Association, Chris Hilliard, an employee of Leyendecker, wrote a letter containing several false statements, including an accusation that Mr. Wechter had requested Leyendecker to submit fraudulent claims to Mr. Wechter's insurance company. The trial court rendered judgment finding Leyendecker guilty of libel and awarding Mr. Wechter damages. The court of appeals affirmed the award to Mr. Wechter and additionally awarded damages to Mrs. Wechter for mental anguish. Leyendecker asserts that Mr. Wechter's own testimony concerning his personal humiliation and the depressed state of his wife constitutes no evidence to support the damages awarded to the Wechters for libel.

■■■■ Article 5430, Tex.Rev.Civ.Stat. Ann., establishes a cause of action in Texas for libel if there is evidence the writing tended to injure the reputation of the one defamed. Once injury to reputation is established, a person defamed may recover general damages without proof of other injury. *Guisti v. Galveston Tribune*, 105 Tex. 497, 150 S.W. 874 (1912). Similarly, a person defamed by a writing libelous per se may recover by bringing an action at common law without proof of injury. *Rawlins v. McKee*, 327 S.W.2d 633, 635 (Tex.Civ. App.—Texarkana 1959, writ ref'd n.r.e.) The letter written by Chris Hilliard stated that the Wechters had filed a lawsuit to force their neighbors to buy the disputed area, and that they were generally hard to work with. Although false, these statements were not libelous per se and require evidence of injury to the Wechters' reputa-

tion to allow recovery under Texas' libel statute. The only evidence of injury to Mrs. Wechter was the testimony of Mr. Wechter that his wife was "very much upset", "morose" and "depressed". We find that this evidence does not demonstrate injury to Mrs. Wechter's reputation. Therefore, we hold that the court of appeals erred in awarding Mrs. Wechter damages for mental anguish.

■■■■ The letter also falsely accused Mr. Wechter of committing a criminal act by attempting to conspire with Leyendecker to file fraudulent insurance claims. *See United States v. Becker*, 569 F.2d 951 (5th Cir.), *cert. denied*, 439 U.S. 865, 99 S.Ct. 188, 58 L.Ed.2d 174 (1978). A false statement which charges a person with the commission of a crime is libelous per se. *Christy v. Stauffer Publications, Inc.*, 437 S.W.2d 814 (Tex.1969). The law presumes a statement which is libelous per se defames a person and injures his reputation. *Cotulla v. Kerr*, 74 Tex. 89, 11 S.W. 1058, 1060 (1889). Because of this presumption of injury to reputation, Mr. Wechter may properly recover his general damages for mental anguish. The court of appeals properly affirmed the trial court's award of damages to Mr. Wechter for libel.

Leyendecker also complains that the award of exemplary damages from the libelous letter was improper and argues that there is no evidence of malice. The court of appeals inferred malice from the circumstances, finding that the letter was written with reckless disregard and knowledge of the statement's falsity. Although an issue on exemplary damages was submitted to the jury, no issue on malice was submitted; and Leyendecker did not object to the omission of the malice issue. Therefore, pursuant to Tex.R.Civ.P. 279, the court of appeals deemed the omitted issue to be in support of the trial court's judgment, and thus the court of appeals deemed malice to have been found by the trial court. *See Allen v. American National Ins. Co.*, 380 S.W.2d 604 (Tex.1964).

■ Malice is required as a basis for the recovery of exemplary damages in a libel action. *Cotulla v. Kerr,* 11 S.W. at 1060. However, for purposes of recovering exemplary damages in a libel per se cause of action,

> it is not necessary that malice be shown by proof of ill will, animosity, or hatred, nor is it essential to show a willful or wanton act ... or an act done with the specific intent to injure ...; but malice may be inferred from ... such utter recklessness as to indicate a disregard of the consequences.

*Houston Chronicle Pub. Co. v. Bowen,* 182 S.W. 61, 65 (Tex.Civ.App.—Galveston 1915, writ ref'd). *See also Fessinger v. El Paso Times Co.,* 154 S.W. 1171 (Tex.Civ.App.— El Paso 1913, writ ref'd).

■ The accusation made against Mr. Wechter was of such a kind that its truth or falsity was peculiarly within the knowledge of Leyendecker; in essence, the accusation was blatantly untrue. Furthermore, the fact that Leyendecker unnecessarily mailed an additional copy of the letter to the Veterans Administration also reflects a malicious intent. These circumstances were sufficient evidence to support an inference of malice. Pursuant to Rule 279, the court of appeals properly deemed a finding of malice by the trial court. We uphold. the award of exemplary damages.

■ Leyendecker's final point urges that an employee who commits a tort while acting within the scope of his employment is not liable to the party injured. We disagree. A corporation's employee is personally liable for tortious acts which he directs or participates in during his employment. *Mayflower Investment Company v. Stephens,* 345 S.W.2d 786, 795 (Tex.Civ.App.— Dallas 1960, writ ref'd n.r.e.); *see also Light v. Wilson,* 663 S.W.2d 813, 815 (Tex. 1983) (Spears, J., concurring). Chris Hilliard, in the course of his employment for Leyendecker, penned the libelous letter to the Greater Houston Builders' Association. Therefore, the court of appeals was correct in affirming the trial court's judgment holding Chris Hilliard and Leyendecker jointly and severally liable for the actual damages from the libelous letter.

We reverse and render the award of damages for misrepresentation, the award for loss of use, and the award for Mrs. Wechter's mental anguish. We affirm the award of $4,500 for construction defects, $1,500 for Mr. Wechter's mental anguish, and $4,000 against each defendant individually for exemplary damages. We also affirm the court of appeals in its award of attorney fees.

GONZALEZ, J., not sitting.