**Christina SCHUPMANN, A Minor, by
Jo Ellen SCHUPMANN, her next
friend, Plaintiffs-Appellants,**

v.

**EMPIRE FIRE AND MARINE INSURANCE COMPANY, a corporation,
Defendant-Respondent.**

**No. 48977.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 5, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 9, 1985.

Lawrence J. Permuter, Clayton, for plaintiffs-appellants.

Daniel T. Rabbitt, St. Louis, for defendant-respondent.

KAROHL, Judge.

Appellant appeals trial court dismissal of her first amended petition for failure to state a cause of action. The first count of the petition alleges slander per se based on a question concerning whether appellant, a minor, had entered the hospital for pregnancy. The second count asserts invasion of privacy based on the same question.

To prevail on this count of slander per se plaintiff must show that the words taken alone without innuendos impute the unchastity of the minor. *Brown v. Kitterman*, 443 S.W.2d 146, 153 (Mo.1969). We construe the petition in favor of the pleader and examine it to see if there is any ground for relief. *Laclede Gas Company v. Hampton Speedway Company*, 520 S.W.2d 625, 629–30 (Mo.App.1975). Defendant's agent in the course of investigating an insurance claim concerning plaintiff's mother asked appellant's neighbor, "Was pregnancy the reason for [the minor] going there [to a hospital]?" This is not an assertion of a fact but rather a question. It invites an answer of "yes," "no" or "I don't know." Since there is no implication that the questioner believed the minor was pregnant this case can be distinguished from *Hunt v. Gerlemann*, 581 S.W.2d 913 (Mo.App.1979) where the insured asked the plaintiff "How did you set the fire?" While this question may have been outside the proper scope of the investigator's inquiry (a question we need not decide) it does not on its face impugn the minor's chastity. As we noted in *Hunt v. Gerlemann*, 581 S.W.2d at 915 whether a statement is slander per se "depends, among other factors, upon the temper of the times, [and] the current of contemporary public opinions ..." *Id.* quoting *Mencher v. Chelsey*, 297 N.Y. 94, 100, 75 N.E.2d 257, 259 (1947). The question here taken without innuendos, does not indicate or imply that the minor may have been pregnant or otherwise unchaste. We affirm the dismissal for failure to state a cause of action on Count I.

Petitioner's second cause of action alleges defendant invaded plaintiff's privacy by asking whether her hospitalization was due to pregnancy. Invasion of privacy is a legal term which describes four different torts: (1) unreasonable intrusion of plaintiff's seclusion; (2) use of another's picture or name; (3) unreasonable publicity to an individual's private life; and, (4) publicity

that unreasonably places an individual in a false light before the public. *Sofka v. Thal,* 662 S.W.2d 502, 510 (Mo. banc 1983). *See also* Restatement (Second) of Torts § 652A (1977).

■ Plaintiff argues that her claim is based on the unreasonable intrusion upon the seclusion of another. To make a submissible case under this theory plaintiff must prove "(1) the existence of a secret and private subject matter; (2) a right possessed by plaintiff to keep that subject matter private; and (3) the obtaining of information about the subject matter by defendant through some method objectionable to the reasonable man." *Corcoran v. Southwestern Bell Telephone Company,* 572 S.W.2d 212, 215 (Mo.App.1978). Publicity is not required for a submissible case under this theory. *Sofka v. Thal,* 662 S.W.2d at 510.

■ We interpret plaintiff's pleading in a light most favorable to plaintiff to determine if there is any ground for relief. If so a dismissal is improper. *Mason v. Williams Discount Center Inc.,* 639 S.W.2d 836, 838 (Mo.App.1982). The reason one enters a hospital is a private matter. *See Barber v. Time, Inc.,* 348 Mo. 1199, 159 S.W.2d 291, 295 (1942). Assuming without deciding that the physician patient privilege establishes that plaintiff has a right to keep this subject matter private plaintiff fails to state a cause of action on this theory because the asking of the question here was not an unreasonable method to obtain information. The question may have been beyond the scope of the investigation (a matter we do not decide) but it did not assume or suggest the reason for plaintiff's hospitalization. In *Sofka v. Thal,* 662 S.W.2d at 511 the supreme court held that six to eight polite telephone calls was not an offensive intrusion. The Restatement (Second) of Torts, relied on by the supreme court in *Sofka* indicates that a defendant "is subject to liability ... only when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs." § 652B Comment C (1977). Ask-

ing one non-assuming question of one neighbor is not sufficient to constitute an intrusion into the private seclusion around plaintiff's affairs. The other forms of invasion of privacy require publication and there was none here. The trial court dismissal for failure to state a cause of action is affirmed.

PUDLOWSKI, P.J., and GAERTNER, J., concur.