IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
April 11, 2000 Session

## STATE OF TENNESSEE v. FREDERICK BEAUREGARD

**Appeal By Permission from the Court of Criminal Appeals**
**Criminal Court for Hardeman County**
**No. 5990    Jon Kerry Blackwood, Judge**

---

**No. W1997-00060-SC-R11-CD - Filed November 30, 2000**

---

In this appeal, we consider whether the constitutional principle of either double jeopardy or due process is violated and therefore bars separate convictions for both rape and incest when the offenses arise from a single act committed against the same victim. The Court of Criminal Appeals affirmed the defendant's convictions for rape and incest. After our review of the record and applicable authorities, we conclude that the separate convictions for rape and incest did not violate double jeopardy principles under the United States or Tennessee Constitutions because the offenses require different elements, different evidence, and have different purposes. We also conclude that the convictions for rape and incest did not violate due process under the United States or Tennessee Constitutions because neither offense was "essentially incidental" to the other. Accordingly, we affirm the judgment of the Court of Criminal Appeals.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed**

E. RILEY ANDERSON, C. J., delivered the opinion of the court, in which ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.   FRANK F. DROWOTA, III, J., not participating.

C. Michael Robbins, Memphis, Tennessee, and Gary F. Antrican, District Public Defender, Somerville, Tennessee, for the appellant Frederick Beauregard.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; J. Ross Dyer, Assistant Attorney General; Elizabeth Rice, District Attorney General; and Jerry Norwood, Assistant District Attorney, for the appellee, State of Tennessee.

**OPINION**

**BACKGROUND**

The defendant, Frederick Beauregard, was charged in a two-count indictment with rape and incest of his thirteen-year-old daughter, S.J.[1]  On the day in question, S.J. was visiting her grandmother's home, where her father, Beauregard, resided.  S.J. was lying down in a bedroom when Beauregard entered the room and sat down on the bed next to her.

Beauregard asked S.J. if she knew how to "nut" and whether S.J. had ever had sex.  When Beauregard then began feeling her breasts, S.J. unsuccessfully tried to push Beauregard away.  Beauregard pulled S.J.'s jeans and panties down to her knees and "stuck his penis" in her genital area.  Beauregard stopped when the telephone in the living room rang and he went to answer it.  When Beauregard left the room, S.J. put her clothes back on and used the bedroom telephone to call a friend of her mother's and ask the friend to pick her up.  S.J. then locked herself in the bathroom and remained there until she heard a car pull up to the house and the horn blow.

S.J. was later examined at a hospital by Dr. Ram Madasu.  Dr. Madasu found seminal fluid at the entrance to S.J.'s vagina and completed a sexual assault kit.  Sherri Harrell, a forensic serologist, tested the items from S.J.'s sexual assault kit and found semen and spermatozoa on the slides.  Joe Minor, a forensic scientist, conducted further tests and testified that Beauregard could not be excluded as the source of the semen.  Minor opined that the semen was from Beauregard or a close relative.

After considering all the evidence at trial, the jury convicted Beauregard of both rape and incest.  The Court of Criminal Appeals affirmed, holding that the separate convictions for rape and incest did not violate double jeopardy or due process protections under the United States or Tennessee Constitutions.  We then granted Beauregard's application for permission to appeal.

**ANALYSIS**

**Double Jeopardy**

The double jeopardy clause in the United States Constitution provides that no person "shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . ."  U.S. Const. amend V.  Similarly, the Tennessee Constitution states that "no person shall, for the same offense, be twice put in jeopardy of life or limb."  Tenn. Const. art. I, § 10.

---

[1]  Due to the age of the victim and the nature of the offenses, we identify the victim by initials only.

The constitutional right against double jeopardy protects against: 1) a second prosecution after an acquittal; 2) a second prosecution after a conviction; and 3) multiple punishments for the same offense. See Whalen v. United States, 445 U.S. 684, 688, 100 S. Ct. 1432, 1435, 63 L. Ed. 2d 715 (1980); State v. Denton, 938 S.W.2d 373 (Tenn. 1996). In this case, we must determine whether convictions for both rape and incest constitute multiple punishments for the "same offense."

In State v. Denton, we established a framework for determining whether a defendant has received multiple punishments for the "same offense." The reviewing court must consider: (1) the statutory elements of the offenses;[2] (2) the evidence used to prove the offenses;[3] (3) whether there were multiple victims or discrete acts; and (4) the purposes of the respective statutes. Denton, 938 S.W.2d at 381. In applying this analysis in Denton, we concluded that double jeopardy precluded separate convictions for aggravated assault and attempted voluntary manslaughter where the offenses were based upon a single act committed against a single victim. Id. at 382.

In this case, the first component of Denton requires a comparison of the statutory elements of rape and incest. The offense of rape is defined, in relevant part, as the "unlawful sexual penetration of a victim" without the victim's consent and "accompanied by . . . [f]orce or coercion." Tenn. Code Ann. § 39-13-503 (1997). The offense of incest is defined, in relevant part, as the "sexual penetration . . . with a person, knowing such person to be . . . [t]he person's natural . . . child." Tenn. Code Ann. § 39-15-302 (1997).[4] A comparison of the statutory elements of rape and incest demonstrates that the elements are dissimilar. Rape, unlike incest, requires non-consensual sexual penetration accompanied by force or coercion; incest, unlike rape, requires that the victim be the natural child of the defendant, regardless of whether the victim consented.

We next consider the evidence required to establish the offenses of rape and incest. We recognize that the same evidence was necessary to establish the element of "sexual penetration" that is essential for both offenses. Since the remaining elements of each offense differ, however, the evidence required to establish each offense necessarily will differ in these material respects.[5] For example, to establish the incest charge, the State had to prove the family relationship between the

_____

[2] See Blockburger v. United States, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932) (setting forth a test which compares the elements of each offense for purposes of determining whether two offenses are the "same").

[3] See Duchac v. State, 505 S.W.2d 237 (Tenn. 1973) (setting forth a test which compares the evidence used to establish each offense for purposes of determining whether two offenses are the "same").

[4] In addition to the natural child, incest may also be committed with "[the] natural parent, child, grandparent, grandchild, uncle, aunt, nephew, niece, stepparent, stepchild, adoptive parent, adoptive child" or a "person's brother or sister of the whole or half-blood or by adoption." Tenn. Code Ann. § 39-15-302(a)(1) and (2) (1997).

[5] Indeed, in Denton we noted that the statutory elements of the offenses of aggravated assault and attempted voluntary manslaughter indicated that the offenses are separate for purposes of double jeopardy, but nonetheless reasoned that "[b]ecause the evidence . . . consisted of a single attack by [defendant] on the victim, the State necessarily relied on the same evidence to establish both" charges. Denton, 938 S.W.2d at 832.

-3-

defendant and the victim. Conversely, to establish the rape charge, the State had to prove the force or coercion and the lack of consent. Thus, the evidence at trial underlying the rape and incest convictions was different and not identical.

As to the remaining factors under Denton, we observe that this case does involve a single victim and a single act of sexual penetration. Finally, the legislative purpose of the separate statutory offenses of rape and incest is similar but distinct. Although both statutes address sexual offenses, the offense of rape is contained within the "offenses against persons" provisions of the statutory code and the offense of incest is contained within the "offenses against family" provisions of the statutory code. The sentencing commission comments following the incest statute indicates that the statute is intended to "promote family solidarity by prohibiting relationships with anyone with parental authority which may be abused to sexual ends." Tenn. Code Ann. § 39-15-302 (1997). As another state court has observed in this regard:

> [T]he statutes prohibiting incest and criminal sexual penetration achieve different policy objectives. The sanction against criminal sexual penetration is to prevent forcible, nonconsensual sexual activity and to protect a person's important interest in uncoerced choice of sexual partners. The incest statute, on the other hand, is more narrowly directed toward prohibiting sexual relations, whether consensual or not, between relatives. . . . Accordingly, there is no double jeopardy impediment to convicting and sentencing . . . [a defendant] for both incest and criminal sexual penetration arising out of the same act.

Swafford v. State, 810 P.2d 1223, 1235 (N.M. 1991) (internal citation omitted); see also State v. Calle, 881 P.2d 155, 161 (Wash. 1995) (discussing different purposes served by the offense of rape and the offense of incest). In our view, the statutory offenses of rape and incest have a related but separate legislative purpose and achieve contrasting policy objectives.

Accordingly, application of the Denton analysis to this case reveals that only one factor – that the offenses involved a single victim and a single act – supports Beauregard's claim that the rape and incest convictions were for the "same offense" and barred by double jeopardy principles. The remaining three Denton factors, however, demonstrate that the offenses are not the same for double jeopardy purposes: the statutory elements of the offenses are dissimilar; the evidence required to establish the offenses differs; and the purpose of each statutory offense is separate and distinct. We therefore conclude that the rape and incest convictions did not constitute the "same offense" and were not barred by double jeopardy principles.

Prior to establishing the analytical framework in Denton, we reached the same conclusion about the offenses of rape and incest. See State v. Brittman, 639 S.W.2d 652 (Tenn. 1982) (rape and incest were not the same offense under double jeopardy analysis). Our conclusion is also consistent with a majority of state jurisdictions that have held that convictions for rape and incest arising from a single act are not barred on double jeopardy grounds. E.g., Smith v. State, 491 A.2d 587 (Md. Ct. Spec. App. 1985); Fults v. State, 779 S.W.2d 688 (Mo. Ct. App. 1989); Swafford v. State, 810 P.2d

1223 (N.M. 1991); Commonwealth v. White, 491 A.2d 252 (Pa. Super. Ct. 1985); Martinez v. State, 662 S.W.2d 393 (Tex. Ct. App. 1983); State v. Calle, 888 P.2d 155 (Wash. 1995); State v. Peyatt, 315 S.E.2d 574 (W. Va. 1983).

In addition to the double jeopardy argument, Beauregard asserts the related claim that convictions for rape and incest are precluded under Tenn. Code Ann. § 39-11-109(b) (1991), which states:

> When the same conduct may be defined under two (2) or more specific statutes, the person may be prosecuted under either statute unless one (1) specific statute precludes prosecution under another.

(Emphasis added). In discussing this statute in Denton, we observed that the "legislature's choice of terminology is indicative of its intent that the State be limited to a single conviction under circumstances where a single act exposes an accused to prosecution under more than one statute." Denton, 938 S.W.2d at 383. We recognized, however, that the legislature's use of the phrase "may be prosecuted" is problematic and conflicts with court decisions and rules of court that allow the prosecution to charge two or more offenses based on the same conduct in one indictment. Id. at 383 n.22.

In any event, we conclude that neither Tenn. Code Ann. § 39-11-109(b) nor the *dicta* in Denton supports Beauregard's contention under the facts of this case. First, our decision in Denton cited with approval State v. Brittman, in which this Court held that rape and incest convictions based on a single act with a single victim were not the "same offense" for double jeopardy purposes. Brittman, 639 S.W.2d at 654. Moreover, the discussion of Tenn. Code Ann. § 39-11-109(b) in Denton came *after* we had applied the four-pronged analysis and concluded that convictions for aggravated assault and attempted voluntary manslaughter that arose out of a single act against a single victim violated double jeopardy principles. It was under those circumstances that § -109(b) provided additional support for our conclusion. In contrast, application of the Denton analysis in this case reveals that the offense of rape and incest were not the "same offense" for double jeopardy purposes. Similarly, the rape and incest statutes do not expressly preclude prosecution or conviction for the other offense. Thus, to construe the statute as broadly as is urged by Beauregard would supplant the framework in Denton in all cases involving a single victim and a single act. This we decline to do.

**Due Process**

We next consider Beauregard's argument that the convictions for rape and incest violated due process principles under the United States Constitution or article I, section 8 of the Tennessee Constitution. Beauregard relies on State v. Anthony, 817 S.W.2d 299 (Tenn. 1991), in which we held that dual convictions for kidnapping and robbery violate due process when the detention of the victim resulting in the kidnapping conviction is incidental to the robbery. We held that courts must consider:

whether the confinement, movement, or detention is <u>essentially incidental</u> to the accompanying felony and is not, therefore, sufficient to support a separate conviction for kidnapping . . . . [O]ne method of resolving this question is to ask whether the defendant's conduct "substantially increased [the] risk of harm over and above that necessarily present in the crime of robbery itself."

<u>Id.</u> at 306 (emphasis added) (citation omitted).

"[D]ue process is flexible and calls for such procedural protections as the particular situation demands." <u>Phillips v. State Bd. of Regents</u>, 863 S.W.2d 45, 50 (Tenn. 1993) (citation omitted). "The flexible nature of procedural due process requires an imprecise definition because due process embodies the concept of fundamental fairness." <u>Seals v. State</u>, 23 S.W.3d 272, 277 (Tenn. 2000) (citations omitted).

Neither the principles of due process nor our decision in <u>Anthony</u> warrant relief under the facts of this case. In <u>Anthony</u>, we addressed the "particularly anomalous nature of the kidnapping statute," in which the offense of kidnapping is inherent in another offense, such as rape or robbery. That concern is not applicable in this case. The offense of incest can be committed without committing rape because one may have consensual sex with a person who is within the prohibited relationships. Likewise, the offense of rape can be committed without committing incest. In short, neither offense is "necessarily incidental" to the other. Accordingly, Beauregard's convictions for both rape and incest were in no way fundamentally unfair and did not violate due process under the United States or Tennessee Constitutions.

## **CONCLUSION**

We hold that, under this Court's test announced in <u>State v. Denton</u>, 938 S.W.2d 373 (Tenn. 1996), Beauregard's convictions for rape and incest did not violate double jeopardy principles under the United States Constitution or article I, section 10 of the Tennessee Constitution. We also conclude that the convictions did not violate due process under the United States Constitution or article I, section 8 of the Tennessee Constitution. We therefore affirm the judgment of the Court of Criminal Appeals. It appearing that the defendant is indigent, costs of appeal are taxed to the State for which execution may issue if necessary.

_____
E. RILEY ANDERSON, CHIEF JUSTICE