# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs December 2, 2003

## THOMAS POSTON STUDDARD v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Dyer County**
**No. C02-61    Lee Moore, Judge**

---

**No. W2003-01210-CCA-R3-PC  - Filed February 27, 2004**

---

The petitioner was indicted on three counts of rape of a child, a Class A felony, and pled guilty to one count of incest, a Class C felony, in exchange for an eight-year sentence as a Range II, multiple offender.  Following his conviction, he filed a timely motion for reduction of sentence pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure.  After conducting a hearing, the trial court denied the motion, and the petitioner appealed to this court.  We agree that the petitioner should be allowed to withdraw his plea of guilty, although for a different reason than he argues.  Incest, to which he pled guilty, is not a lesser-included offense of rape of a child, and the record on appeal does not reflect that the indictment was amended to charge incest.  Accordingly, we vacate the judgment of conviction and remand this matter to the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Jim W. Horner, District Public Defender, and H. Tod Taylor, Assistant District Public Defender, for the appellant, Thomas Poston Studdard.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

The petitioner, Thomas Poston Studdard, was indicted by the Dyer County Grand Jury for three counts of rape of a child, a Class A felony.  Pursuant to his negotiated plea agreement, on August 22, 2002, he pled guilty to one count of incest, a Class C felony, in exchange for an agreed sentence of eight years as a Range II, multiple offender in the Department of Correction.  On

December 20, 2002, the petitioner filed a *pro se* motion for correction or reduction of sentence, pursuant to Tennessee Rule of Criminal Procedure 35, and alleged his plea agreement failed to stipulate that his parole was contingent upon his completion of a mandatory sex offender program, and his trial counsel had misinformed him of the actual time he would be required to serve by telling him he would be eligible for parole in approximately fourteen months.

Following the appointment of counsel, the petitioner filed an amended motion for reduction of sentence on February 26, 2003, alleging, *inter alia*, that he did not learn until after his conviction and incarceration that, before he could receive parole, he was required under Tennessee Code Annotated section 40-35-503(c) to obtain certification from a psychiatrist or psychologist that to a reasonable degree of medical certainty he would not commit further sexual assaults if released from confinement. The petitioner asked that the trial court declare the certification requirement unconstitutional as a violation of his equal protection rights and, in the interest of justice, reduce his sentence to probation for the remainder of his eight-year term.

It is not necessary that we consider the petitioner's claim on its merits for, as we will explain, we conclude that because he pled to an offense with which he was not charged, and the record on appeal does not reflect that the charged offense, rape of a child, was amended to incest, to which he pled guilty, his guilty plea must be set aside and the indictment charging him with rape of a child reinstated.

It is clear that rape and incest are separate offenses with different elements. In State v. Beauregard, 32 S.W.3d 681, 683 (Tenn. 2000), our supreme court determined that principles of double jeopardy do not preclude a defendant's being convicted of both rape and incest based upon a single act, for they are different offenses:

> A comparison of the statutory elements of rape and incest demonstrates that the elements are dissimilar. Rape, unlike incest, requires non-consensual sexual penetration accompanied by force or coercion; incest, unlike rape, requires that the victim be the natural child of the defendant, regardless of whether the victim consented.

This case presents a posture similar to that of State v. Robert James Yoreck, III, No. M2001-02448-CCA-R3-CD, 2003 WL 141051 (Tenn. Crim. App. Jan. 15, 2003), perm. to appeal granted (Tenn. May 27, 2003), where the defendant had been indicted for rape and had pled guilty to aggravated assault, receiving a sentence of nine years, which he claimed, on direct appeal, was excessive. This court found that "plain error dictat[ed] the conviction be vacated and the case remanded for further proceedings because aggravated assault is not a lesser included offense of rape." Id. at *1. Applying the holding of this court in State v. Adkisson, 899 S.W.2d 626, 638-39 (Tenn. Crim. App. 1994), we determined, as well, that plain error had occurred by the defendant's pleading guilty to a charge which was not a lesser-included offense to that for which he was indicted. Additionally, we determined that a plea of guilty to such an offense violated the defendant's Sixth Amendment rights because he had not been given appropriate notice of the charge against him. Id.

at *2.  Thus, the court in <u>Yoreck</u> reversed the conviction and remanded to the trial court for a new trial or appropriate proceedings.

Applying the holdings in <u>Beauregard</u> and <u>Yoreck</u>, we conclude that the petitioner's plea of guilty to incest cannot stand because he was not indicted for that offense, it is not a lesser-included offense of rape of a child, for which he was indicted, and the record does not reflect that the indictment was amended to charge incest.  Accordingly, we vacate the judgment of conviction and remand this matter to the trial court for appropriate proceedings.

_____
ALAN E. GLENN, JUDGE