# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 17, 2011

## STATE OF TENNESSEE v. KAREN ANN MATTHEWS

**Appeal from the Criminal Court for Davidson County**
**No. 2010-C-2482     Monte Watkins, Judge**

_____

**No. M2010-02601-CCA-R3-CD - Filed August 26, 2011**

_____

Following her Davidson County General Sessions Court conviction of criminal contempt based upon the violation of an order of protection, the defendant, Karen Ann Matthews, was charged via an indictment returned by the Davidson County grand jury with violating an order of protection, *see* T.C.A. § 39-13-113 (2006). The trial court granted the defendant's motion to dismiss the indictment as violative of double jeopardy principles. In this State appeal, the State contends that the trial court erred by dismissing the indictment because convictions for criminal contempt and violating an order of protection do not violate double jeopardy principles. Discerning no error in the judgment of the trial court, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Hugh Ammerman, Assistant District Attorney General, for the appellant, State of Tennessee.

Patrick Johnson, Nashville, Tennessee, for the appellee, Karen Ann Matthews.

## OPINION

On March 24, 2010, the Davidson County General Sessions Court issued an order of protection ordering the defendant to have no further contact with her former roommate, Sarah Derrick, for a period of one year. On the following day, Ms. Derrick obtained two warrants for the defendant's arrest. The first, numbered GS485014, charged the defendant with "Criminal Contempt T.C.A. 36-3-612 (Violation of Order of Protection)"

and contained the following factual allegations:

> On the above date at 408 2nd Ave. N in Davidson County Tennessee Karen Matthews violated the order of protection I have on her. I had just left the order of protection hearing and Karen Matthews approached me and said I'm still going to get you. She was shaking her fist at me when she said this. The order of protection prohibits her from threatening and contacting me.

The second, numbered GS485015, charged the defendant with "Order of Protection/Restraining Order Violation 39-13-113" and contained the following factual allegations:

> On the above date at 408 2nd Ave. N in Davidson County Tennessee Karen Matthews violated the order of protection I have on her. She approached me after the order of protection hearing. She told me I'm still going to get you. She was shaking her fist at me when she said this. The order of protection prohibits her from contacting and threatening me. The order of protection is valid till 03-24-2011.

A document titled "General Sessions Disposition" and bearing case number GS485014 establishes that on June 14, 2010, the defendant was sentenced to 10 days for criminal contempt with four days to be served in confinement. Case number GS485015 was bound over to the grand jury, and on September 10, 2010, the Davidson County grand jury returned a single-count indictment charging the defendant with violating a valid order of protection.

The defendant filed a motion in criminal court to dismiss the indictment, alleging that dual convictions for criminal contempt and violating an order of protection would violate principles of double jeopardy. At the October 15, 2010 hearing on the defendant's motion, the defendant testified that Ms. Derrick obtained a single order of protection barring the defendant from having any contact with Ms. Derrick. The defendant stated that she was later convicted in the general sessions court of criminal contempt and that she served four days of her 10-day sentence in confinement. The defendant also submitted the order of protection, the two arrest warrants, and the general sessions court disposition as exhibits to the hearing.

At the conclusion of the hearing, the trial court granted the defendant's motion to dismiss, finding that dual convictions for criminal contempt and violating the order of

protection would violate double jeopardy principles. In a later-issued written order, the trial court, following the analysis established in *State v. Denton*, 938 S.W.3d 373, 378 (Tenn. 1996), concluded that the two offenses contained the same elements, would be proven using the same evidence, had the same victim, and were aimed at the same purpose. Consequently, the court ruled that "the act committed by the defendant cannot be the subject of two separate prosecutions and is a violation of double jeopardy." The trial court dismissed the indictment.

The State filed a timely notice of appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. *See* Tenn. R. App. P. 3(c)(1). In this appeal, the State contends that the trial court erred by dismissing the indictment because dual prosecutions in this case do not violate double jeopardy principles.

Because the question whether the defendant's prosecution in this case violated principles of double jeopardy is a question of law, our review is de novo with no presumption of correctness afforded to the ruling of the trial court. *See State v. Winningham*, 958 S.W.2d 740, 742-43 (Tenn. 1997) (citing *State v. Davis*, 940 S.W.2d 558, 561 (Tenn. 1997)).

Both the federal and state constitutions protect an accused from being "twice put in jeopardy of life or limb" for "the same offence." U.S. Const. Amend. V; Tenn. Const. art. 1, sec. 10. The United States Supreme Court has observed of the double jeopardy clause:

> Our cases have recognized that the Clause embodies two vitally important interests. The first is the 'deeply ingrained' principle that 'the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.' The second interest is the preservation of 'the finality of judgments.'

*Yeager v. United States*, — U.S. —, 129 S. Ct. 2360, 2365-66 (2009) (citations omitted). To these ends, our state supreme court has "noted many times, three fundamental principles underlie double jeopardy: (1) protection against a second prosecution after an acquittal; (2) protection against a second prosecution after conviction; and (3) protection against multiple punishments for the same offense." *State v. Denton*, 938 S.W.2d 373, 378 (Tenn. 1996) (citing *Whalen v. United States*, 445 U.S. 684, 688 (1980); *United States v. Wilson*, 420 U.S. 332, 343 (1975); *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). At issue here are both the second (successive prosecutions) and the third (multiple punishments) of the three

principles of double jeopardy.

Our supreme court has crafted the "analytical framework" for a considering a plea of former jeopardy:

> The courts must consider 1) the statutory elements of the offenses, guided by the principles in *Blockburger v. United States*, 284 U.S. 299 (1932); 2) the evidence used to establish the offenses, guided by the principles in *Duchac v. State*, 505 S.W.2d 237 (Tenn. 1973); 3) whether the defendant's conduct involved multiple victims or discrete acts; and 4) whether the purpose of the respective statutes at issue is the same or different.

*Cable v. Clemmons*, 36 S.W.3d 39, 42 (Tenn. 2001) (citing *Denton*, 938 S.W.2d at 381). "No single aspect of this analysis is given controlling weight; each factor must be weighed and considered in relation to the others." *Id.* (citing *State v. Beauregard*, 32 S.W.3d 681 (Tenn. 2000)).

*Blockburger "Same-Elements" Test*

The first step in our analysis is examination of the two offenses under the "same-elements" test established in *Blockburger*. Initially, "[i]t is well established that criminal contempt, at least the sort enforced through nonsummary proceedings, is 'a crime in the ordinary sense,'" *United States v. Dixon*, 509 U.S. 688, 696 (1993) (quoting *Bloom v. Illinois*, 391 U.S. 194, 202-04 (1968)), and subject to scrutiny under double jeopardy principles.

"In both the multiple punishment and multiple prosecution contexts, [the United States Supreme Court] has concluded that where the two offenses for which the defendant is punished or tried cannot survive the 'same-elements' test, the double jeopardy bar applies." *Dixon*, 509 U.S. at 696 (citing *Brown v. Ohio*, 432 U.S. 161, 168-69 (1977); *Blockburger*, 284 U.S. at 304; *Gavieres v. United States*, 220 U.S. 338, 342 (1911)). "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304. Thus, "separate statutory crimes need not be identical -- either in constituent elements or in actual proof -- in order to be the same within the meaning of the constitutional prohibition [against double jeopardy]." *Brown*, 432 U.S. at 164 (citations omitted). Simply stated, unless each offense contains an element the other does not, "double

jeopardy bars additional punishment and successive prosecution." *Dixon*, 509 U.S. at 696.

The defendant was charged with criminal contempt via Code section 36-3-612, which provides that "[a] person arrested for the violation of an order of protection issued pursuant to this part or a restraining order or court-approved consent agreement, shall be taken before a magistrate or the court having jurisdiction in the cause without unnecessary delay to answer a charge of contempt for violation of the order of protection." T.C.A. § 36-3-612. Our Code defines criminal contempt, as charged in this case, as "[t]he willful disobedience or resistance of any officer of the such courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of such courts." T.C.A. § 29-9-102(3) (2000). Thus, the "four essential elements" of contempt in section 29-9-102(3) are (1) "the order alleged to have been violated must be 'lawful'"; (2) "the order alleged to have been violated must be clear, specific, and unambiguous"; (3) "the person alleged to have violated the order must have actually disobeyed or otherwise resisted the order"; and (4) "the person's violation of the order must be 'willful.'" *Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.*, 249 S.W.3d 346, 354-55 (Tenn. 2008). Code section 39-13-113 provides that "[i]t is an offense to knowingly violate . . . [a]n order of protection issued pursuant to title 36, chapter 3, part 6." T.C.A. § 39-13-113(a)(1) (2006). In order to sustain a conviction under this section, the State must also establish that

(1) The person must have received notice of the request for an order of protection or restraining order;

(2) The person must have had an opportunity to appear and be heard in connection with the order of protection or restraining order; and

(3) The court made specific findings of fact in the order of protection or restraining order that the person committed domestic abuse, sexual assault or stalking as defined in § 36-3-601.

*Id.* § 39-13-113(f).

Although the two crimes significantly overlap – indeed one could rarely commit the offense of violating an order of protection without also committing criminal contempt – differences exist. The two offenses contain different scienter requirements, with criminal contempt requiring willful conduct and violation of an order of protection requiring knowing conduct. "[I]n order for a party's disobedience of a court order to be 'willful' and subject to criminal contempt under section 29-9-102(3), the act must be 'done voluntarily and

-5-

intentionally and with the specific intent to do something the law forbids.'" *State v. Lisa Renae Smith*, No. E2009-00202-CCA-R3-CD, slip op. at 9 (Tenn. Crim. App., Knoxville, Dec. 17, 2010) (quoting *Konvalinka*, 249 S.W.3d at 357). Knowing, on the other hand, "means that a person acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist." T.C.A. § 39-11-106(20). In addition, violation of an order of protection requires that the specific order violated be one issued "pursuant to title 36, chapter 3, part 6"; that the order be issued only after the accused was given notice of the application for the order and an opportunity to be heard; and that the order contain a specific finding that the accused "committed domestic abuse, sexual assault or stalking as defined in § 36-3-601" while criminal contempt contains no such requirements.

By virtue of these differences, the two statutes pass *Blockburger's* same-elements test, and, as a result, prosecution of the defendant for violation of an order of protection following her conviction of criminal contempt does not violate the Double Jeopardy Clause of the United States Constitution.

### *Duchac "Same-Evidence" Test*

Next we must determine, using the principles of *Duchac v. State*, 505 S.W.2d 237 (Tenn. 1973), as a guide, whether the same evidence will be used to establish the offenses. There is no need to tarry long over this portion of our *Denton* analysis because here, as in *Duchac*, the defendant's conduct consists of a single instance of threatening behavior directed at Ms. Derrick. Thus, the evidence supporting both offenses is identical. As such, this factor weighs in favor of a finding that dual prosecutions violate the double jeopardy protection of the Tennessee Constitution.

### *Multiple Victims/Discrete Acts*

Next, we must examine whether the defendant's conduct involved multiple victims or discrete acts. As indicated above, the defendant's conduct consists of a single instance of threatening conduct and does not involve discrete acts. Whether the conduct involved multiple victims, however, requires closer examination.

Although, "[i]n general terms, criminal conduct offends the State as the sovereign," *Winningham*, 958 S.W.2d at 746, categorization of the State as a "victim" as that term is used in *Denton* is somewhat specious. Clearly, this portion of the *Denton* analysis is designed to distinguish offenses. To rely on such a broad interpretation of the term "victim" would result in every criminal offense involving the same victim. Similarly, categorizing "the court and the judicial process," *id.*, as the only "victims" of criminal

contempt is tenuous.[1]  Indeed, as the Supreme Court has observed, "criminal contempt, at least the sort enforced through nonsummary proceedings, is 'a crime in the ordinary sense,'" *Dixon*, 509 U.S. at 696 (quoting *Bloom*, 391 U.S. at 202-04), and, as such, "offends the State as the sovereign."

Some crimes simply have no victim as that term is generally used in the criminal law, *see, e.g.*, *Bowers v. Hardwick*, 478 U.S. 186, 195 (1986), *overruled on other grounds by Lawrence v. Texas*, 539 U.S. 558, 578 (2003) (recognizing the existence of victimless crimes), and attempts to shoehorn these crimes by creating "victims" can only lead to absurd results.  In the sense that neither charged offense truly involved a "victim" as that term is used in *Denton*, they necessarily cannot have involved different victims.

To the extent that there is any victim to either offense in this case, that victim is surely Ms. Derrick, at whom the defendant's conduct was directed.  *Cf. Cable*, 36 S.W.3d at 42-43 (holding that "[a]n order of protection is aimed at protecting the petitioner from abuse,"and that, as a result, the victim of abuse perpetrated in violation of an order of protection was the "victim" for purposes of the defendant's convictions of criminal contempt for violating the order).  As a result, we cannot say that the offenses involved different victims, and this factor weighs in favor of finding that a prosecution for violating the order of protection after the defendant's conviction of criminal contempt violates state double jeopardy protections.

*Same-Purposes Test*

Despite that the Supreme Court has held that the interests served by two statutes "is of no moment for purposes of the Double Jeopardy Clause, the text of which looks to whether the offenses are the same, not the interests that the offenses violate," *Dixon*, 509 U.S. at 699, our own high court has ruled that we must discern whether the purpose of the respective statutes at issue is the same or different to determine whether dual prosecutions will offend the double jeopardy clause of the state constitution, *Denton*, 938 S.W.2d at 378.[2]

---

[1]Regarding the same-victim question, *Winningham*, relying on *State v. Sammons*, 656 S.W.2d 862 (Tenn. Crim. App. 1982), stated that the victim of a contempt conviction is "*the court as an organ of public justice.*"  *Winningham*, 958 S.W.2d at 746.  *Sammons*, however, predated the ruling in *Dixon* and relied, at least in part, on "[t]he traditional view . . . that 'former jeopardy cannot be invoked on the ground the same act is punishable both as a contempt of court and as a crime.'"  *State v. Sammons*, 656 S.W.2d 862, 868 (Tenn. Crim. App. 1982) (citation omitted).

[2]The supreme court has noted that the state and federal double jeopardy protections "are distinct, independent protections that, at times, differ in their details," *State v. Thompson*, 285 S.W.3d 840, 847 n.6 (continued...)

Although the legislature declared no purpose in passing the current versions of Code sections 36-3-612 or 39-13-113,[3] which were part of the same piece of legislation, the primary purpose of the criminal contempt provision utilized in this case[4] is to "enable[] the courts to maintain the integrity of their orders." *Konvalinka*, 249 S.W.3d at 354. The purpose of a criminal contempt prosecution when the order violated is an order of protection is also the protection of the person to whom the order was granted and deterrence of further violations. *See* T.C.A. § 36-3-618 ("The purpose of this part is to recognize the seriousness of domestic abuse as a crime and to assure that the law provides a victim of domestic abuse with enhanced protection from domestic abuse. A further purpose of this chapter is to recognize that in the past law enforcement agencies have treated domestic abuse crimes differently than crimes resulting in the same harm but occurring between strangers."); *see also Cable*, 36 S.W.3d at 42. Code section 39-13-113 shares these same purposes.[5] In consequence, this factor weighs in favor of finding that dual prosecutions in this case would violate double jeopardy principles.

To the extent that the passage of these two provisions in the same piece of legislation could be read to manifest legislative intent for multiple punishments, we note that constitutional double jeopardy protections cannot be eroded simply because the legislature intends that it be so. Indeed, the Supreme Court has observed that there are "constitutional limitations" on the power of the legislature "to define criminal offenses and to prescribe the punishments to be imposed upon those found guilty of them." *Whalen*, 445 U.S. at 689 n.

---

[2](...continued)

(Tenn. 2009) (citing *State v. Stephenson*, 195 S.W.3d 574, 586-88 (2006)), making application of "precedents construing the similar federal constitutional provision . . . 'useful' but 'not conclusive,'" *Id.* (quoting *Denton*, 938 S.W.2d at 379). *But see State v. Waterhouse*, 8 Tenn. (1 Mart. & Yer.) 278, 284 (1827) ("[W]e did not feel ourselves warranted in giving [the double jeopardy provision of the state constitution] a construction different from that given to the constitution of the United States, by the tribunal possessing the power, (and of pre-eminent qualifications) to fix the construction of that instrument.").

[3]Code section 36-3-612, which now contains the contempt provision in operation in this case, previously contained the language now codified at 39-13-113.

[4]When an order of protection has been violated, the issuing court also retains the power to charge the violator with civil or criminal contempt under Code section 36-3-610. *See* T.C.A. § 36-3-610(a) ("Upon violation of the order of protection or a court-approved consent agreement, the court may hold the defendant in civil or criminal contempt and punish the defendant in accordance with the law.").

[5]We recognize that our attorney general has opined "that dual convictions for (1) criminal contempt of court for violating an order of protection under Tenn. Code Ann. § 36-3-610 and (2) the Class A misdemeanor offense for knowingly violating a protective order under Tenn. Code Ann. § 36-3-612 could be constitutionally supported." The analysis, however, acknowledged that a complete determination whether dual convictions would violate double jeopardy principles would necessarily turn upon the facts of each case.

4 (citing *Coker v. Georgia*, 433 U.S. 584 (1977); *Roe v. Wade*, 410 U.S. 113, 164 (1973); *Stanley v. Georgia*, 394 U.S. 557, 568 (1969); *Loving v. Virginia*, 388 U.S. 1, 12 (1967); *Robinson v. California*, 370 U.S. 660, 666-67 (1962)).  Moreover, we observe that the current version of Code section 40-11-150, which was also passed as part of the same piece of legislation as sections 39-13-113 and 36-3-612 and which concerns conditions of release for those admitted to bail on a charge of violation of an order of protection, provides

> (1) A person who violates a condition of release imposed pursuant to this section shall be subject to immediate arrest with or without a warrant as provided in § 40-7-103(b).  If the violation of the condition of release also constitutes the offense of violation of a protective order as prohibited by § 39-13-113, the person shall be charged with the offense, and the bail of the person violating the condition of release may be revoked by the court having jurisdiction of the offense.

> (2) If the violation of the condition or release does not also constitute a violation of § 39-13-113, the release condition violation shall be punished as contempt of the court imposing the conditions, and the bail of the person violating the condition of release may be revoked.

Arguably, this provision demonstrates an intent that where the facts support a charge under 39-13-113, prosecution should be pursued under that section exclusively while conduct that does not support a charge under 39-13-113 should be prosecuted as criminal contempt.

*Conclusion*

Because three of the four *Denton* factors weigh in favor of a finding that the defendant's prosecution for the offense of violation of an order of protection following her conviction of criminal contempt based upon the same exact facts violates double jeopardy principles, the judgment of the trial court dismissing the indictment is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE