FILED

MAR 28 2024

Clerk of the Appellate Courts
REc'd By_____

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 14, 2024 Session

## ERIKA JEAN SCHANZENBACH v. ROWAN SKEEN

**Appeal from the Chancery Court for Sullivan (Bristol) County**
**No. 20-CB-27095          William K. Rogers, Chancellor**

_____

### No. E2023-00458-COA-R3-CV

_____

THOMAS R. FRIERSON, II, J., concurring in part and dissenting in part.

I respectfully dissent from the majority's determination that this action has been "rendered moot" by the closure of the Bristol Regional Women's Center in Bristol, Tennessee ("the Clinic"). Regarding the remaining issues on appeal, I concur with the majority's holding that Petitioner Schanzenbach did not present sufficient evidence of stalking and that the trial court's denial of her petition for order of protection should therefore be affirmed. I also agree with the majority's decision not to award damages to the respondent, Rowan Skeen, in the form of attorney's fees.

"A moot case is one that has lost its justiciability either by court decision, acts of the parties, or some other reason occurring after the commencement of the case." *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cnty.*, 301 S.W.3d 196, 204 (Tenn. 2009) (internal citations omitted). However, "Tennessee courts do not apply the mootness doctrine mechanically. Rather when the question of mootness is raised, they consider many factors, including the reason that the case is alleged to be moot, the stage of the proceeding, the importance of the issue to the public, and the probability that the issue will recur." *Id.*

Applying the first mootness factor from *Norma Faye Pyles* to the instant case—the reasons the case is alleged to be moot—Ms. Skeen and the other respondents allege that this appeal is moot because (1) the Clinic where the alleged actions giving rise to the initial petition for order of protection has ceased to exist and (2) the order of protection, had it been granted by the trial court when it was first sought in 2020, would have expired before this appeal. *See* Tenn. Code Ann. § 36-3-605(b) (West, effective June 5, 2007 to June 30, 2022) (providing that a trial court can issue an order of protection "for a definite period of time, not to exceed one (1) year").

Ms. Skeen's first argument, that this appeal is moot because the Clinic no longer exists, ignores the purpose undergirding orders of protection. In Tennessee, orders of protection are intended to "protect the petitioner" from certain conduct by the respondent, such as "domestic abuse, stalking or sexual assault." *See* Tenn. Code Ann. § 36-3-606 (West, effective April 18, 2018 to June 30, 2022). As our Supreme Court has explained:

> An order of protection is aimed at protecting the petitioner from abuse. It may prohibit the respondent from 1) abusing or threatening to abuse the petitioner or the petitioner's minor children; 2) telephoning, contacting, or otherwise communicating with the petitioner directly or indirectly; or 3) stalking the petitioner. Tenn. Code Ann. § 36-3-606(a)(1)-(3) (1996 & Supp.1999). It may also address issues such as housing, custody of children, and financial support. *See* Tenn. Code Ann. § 36-3-606(a)(4)-(7) (1996 & Supp.1999). Finally, the order may require the respondent to attend "available counseling programs that address violence and control issues or substance abuse problems." Tenn. Code Ann. § 36-3-06(a)(8) (1996 & Supp.1999).

*Cable v. Clemmons*, 36 S.W.3d 39, 42 (Tenn. 2001).

Neither the statute governing orders of protection nor the Supreme Court's explanation of such statute limits an order of protection to a certain location, except as such direction relates to a private home in a domestic dispute. *See, e.g.*, Tenn. Code Ann. §36-3-606(a)(4)-(5). Thus, the efficacy of an order of protection is not tied to any particular location but is predicated upon unwanted and/or unconsented conduct sought to be prohibited.

Here, Petitioner initially filed for an order of protection against Ms. Skeen on January 16, 2020, alleging that Ms. Skeen had "stalked" her. The petition described a series of instances between July and December 2019 wherein Petitioner alleged that Ms. Skeen had exhibited harassing and stalking behavior toward Petitioner outside the Clinic in Bristol, Tennessee. The relief sought in the petition included the following in the form of checked boxes on a fillable form:

> **No Contact**
> Please order [Ms. Skeen] to not contact: me . . . either directly or indirectly, by phone, email, messages, text messages, mail or any other type of communication or contact.
>
> **Stay Away**
> Please order [Ms. Skeen] to stay away from . . . my home[,] my workplace[,] or from coming about me for any purpose.

2

**Personal Conduct**
Please order [Ms. Skeen] not to:
Cause intentional damage to my property or interfere with the utilities at my home.

\* \* \*

**Other Orders**: (*General Relief*)  I request all other relief that is appropriate under the circumstances, including that [Ms. Skeen] not intentionally interfere with my efforts to assist women.

Although the allegations in Petitioner's order of protection arise from alleged actions occurring near the Clinic, none of the requested relief is specific to that location.[1] Instead, Petitioner sought a court order prohibiting Ms. Skeen from contacting her, coming near her home and workplace, and from damaging her personal property.  This requested relief does not hinge on the existence of the Clinic but instead seeks the court-ordered protection wherever Petitioner may encounter Ms. Skeen.  That the protection is not location-specific is underscored by the fact that, as the majority pointed out, the protection order "would be afforded full faith and credit in Virginia" as well.  For these reasons, I do not believe this appeal is rendered moot simply because the Clinic where the conduct giving rise to this action occurred is no longer in operation.

Regarding Ms. Skeen's second argument, that this appeal is moot because the order of protection, if granted, would have already expired, this argument is similarly unavailing. In the argument regarding mootness in her response brief, Ms. Skeen relies on this Court's recent review of Tennessee's mootness jurisprudence in *Chism v. Love*, for the proposition that "[t]his court has, on numerous occasions, dismissed appeals of orders of protection for mootness when the order of protection had expired by the time the appellate opinion was rendered."  No. W2022-00249-COA-R3-CV, 2023 WL 4234831, at \*2 (Tenn. Ct. App. June 28, 2023) (collecting cases).[2]  However, each of the cases cited in *Chism* involved orders of protection that had <u>already been granted</u> by the trial court and from which the <u>respondent</u> had appealed. *See id.*  In each of those cases, this Court reasoned that when the order of protection had expired, the defendant appealing from the order of protection no

---

[1] On January 27, 2020, Petitioner moved to file a "Supplemental Verified Complaint," alleging additional grounds for a finding of stalking against Ms. Skeen.  The trial court granted the motion on February 21, 2020. Petitioner did not seek any relief specific to the Clinic in the supplemental complaint. Petitioner also filed an "Amended Petition for Order of Protection" on April 28, 2020, alleging additional incidents between the parties at the Clinic and seeking the same relief as in the January 16, 2020 petition.

[2]  We note that *Chism v. Love* is a Court of Appeals Rule 10 memorandum opinion, and therefore has "no precedential value." *See* Tenn. R. Ct. App. 10.  Rule 10 instructs that a memorandum opinion "shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

longer maintained a justiciable cause of action because there no longer existed any order of protection from which to appeal. *See id.*

By contrast, here, Petitioner was never granted an order of protection in the first instance. Thus, her cause of action remains justiciable in that it remains a "real interest in dispute" based upon the record before us. *See City of Memphis v. Hargett*, 414 S.W.3d 88, 96 (Tenn. 2013) (citing *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 838 (Tenn. 2008)). Therefore, I find Ms. Skeen's argument, that this appeal is moot because the order of protection would have already expired had it been granted, to be unavailing.

For these reasons, I conclude that the first factor weighs against a finding of mootness. *See Norma Faye Pyles*, 301 S.W.3d at 204. For the same reasons, the second factor—the stage of the proceeding—also weighs against a finding of mootness. *See id.*

Turning to the third factor—the importance of this issue to the public—orders of protection have long been understood to be a necessary court intervention for protection of parties from abuse, stalking, assault, and other unwanted activities. *See* Tenn. Code Ann. § 36-3-606. I am concerned that if we declare the instant action moot by reason of the long delay between petition and appeal, this decision could prove as an improvident precedent wherein respondents may feel empowered to "slow-walk" an order of protection petition, through protracted litigation and the appellate process, in order to render the petition moot as time elapses. Accordingly, a finding of mootness here, when no order of protection was ever granted and the Petitioner continues to seek the same remedies on appeal, creates the potential for improper delay of the litigation and appellate process. Such a consideration is of utmost importance to the public because orders of protection provide an avenue for promoting the safety and protection of citizens, their homes, and their personal property. Respondents should not be permitted to use the passage of time as a defense against an order of protection petition. This factor weighs against a finding of mootness.

As to the fourth *Norma Faye Pyles* factor—the probability that the issue will recur—this is unknown. Though Ms. Skeen avers that the parties have not interacted for some time as a result of the closure of the Clinic, Petitioner avers that the order of protection remains necessary because a potential exists for further interactions between Petitioner and Ms. Skeen and the other respondents at a similar clinic in Virginia. This consideration was outside the scope of the trial court's findings of fact in its March 1, 2023 order denying the order of protection, and these assertions by the parties are not part of the appellate record.[3] For these reasons, this factor is unknown and therefore neutral.

---

[3] After this Court vacated the previous judgment and remanded the case for sufficient findings of fact and conclusions of law, *see Shanzenbach v. Skeen*, No. E2020-01196-COA-R3-CV, 2022 WL 3696884 (Tenn. Ct. App. Aug. 26, 2022), Petitioner moved the trial court for "further hearing," citing the "passage of time" and seeking "renewed discussion of the facts and law." Petitioner also asserted in her motion that the recent

4

Considering all of the factors for determining mootness as set forth in *Norma Faye Pyles*, 301 S.W.3d at 204, I respectfully submit that this action has not been rendered moot by the closure of the Clinic or by the passage of time. In all other respects, I concur with the majority opinion.

s/Thomas R. Frierson, II

_____
Thomas R. Frierson, II, Judge

ruling in *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022) may "give rise to new questions the court may wish to address[.]" The trial court denied the motion in an order entered on February 1, 2023.